UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                          Case No.8:10-CR-100-T-30MAP

ALBERTO FILIMON EVERITT-BLANCO
_____/

O R D E R

Before the Court is Defendant's Motion to Dismiss the Indictment or in the Alternative for a Hearing (D-307).

Defendant pled guilty to conspiracy to possess with the intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). The Court sentenced Defendant to a term of imprisonment of 97 months. Defendant did not appeal.

Defendant requests the Court to use its "supervisory powers" to dismiss the Indictment (and thereby vacate his conviction). Defendant specifically contends that: (1) there was no jurisdiction to prosecute the matter; and (2)the Maritime Drug Law Enforcement Act is unconstitutional as applied to Defendant.

Rule 12(b)(3) provides that "at *any time while the case is pending*, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense. Fed.R.Crim.P. 12(b)(3) (emphasis added). A case is no

longer pending once the period to appeal the conviction or sentence has passed. United States v. Clarke, 150 Fed. Appx. 969, 970 (11th Cir. 2005) (per curiam). As previously indicated, the Court sentenced Defendant on September 16, 2010, and Defendant did not appeal the sentence. Defendant filed his motion on February 19, 2013, more than two years after the close of the pendency of the case. As such, the Court lacks jurisdiction to consider the motion under Rule 12(b)(3).

Defendant suggests that Court has jurisdiction pursuant to Rule 48(a), Fed.R.Crim.P. Rule 48(a), however, is not applicable in this instance. In this regard, Rule 48(a) specifically provides that, "[t]he government may, with leave of court, dismiss an indictment, information or complaint...." Certainly, the Government is not moving to dismiss the indictment in this case; rather, the Defendant seeking relief.[1]

While the primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, Defendant suggests the Court construe the motion as one for relief pursuant to 28 U.S.C. § 2241. The "savings clause" of § 2255 provides:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by

---

[1] Furthermore, Fed.R.Crim.P. 48(b), which allows the Court to dismiss an indictment if unnecessary delays occurs in presenting a charge to a grand jury or bringing a defendant to trial, is also not applicable here.

> motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Thus, a petitioner may attack his sentence pursuant to § 2241 if he demonstrates that the remedy provided for under § 2255 is inadequate or ineffective. Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999).

The savings clause applies when: (1) petitioner's claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted of a "nonexistent offense"; and, (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Wofford, 177 F.3d at 1244. All three criteria must be met in order for a petitioner to proceed under § 2241. Flores v. McFadden, 152 Fed. Appx. 913, 914 (11th Cir. 2005).

In this case, a review of the docket shows that Defendant has never sought relief under § 2255. While, at this point, any § 2255 motion filed by Defendant would be untimely unless he could show the applicability of one of the exceptions set forth in § 2255(2-4), the savings clause "does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." Wofford, 177 F.3d at 1245. Because he has not pursued his

available remedies through the proper procedural channels and afforded the Court an opportunity to evaluate the claims he presents in the instant filings, he cannot demonstrate that § 2255 is an inadequate or ineffective remedy such that he should be permitted to proceed under § 2241. See Flores, 152 Fed. Appx. at 914.

Furthermore, Defendant's claims are not based on retroactive Supreme Court precedent or precedent establishing that he was convicted of nonexistent offenses. Thus, Defendant has not demonstrated that he is entitled to proceed under § 2241.

IT IS ORDERED that:

(1) Defendant's Motion to Dismiss the Indictment or in the Alternative for a Hearing (D-296) is DISMISSED for lack of jurisdiction.

DONE AND ORDERED at Tampa, Florida this 11th day of March, 2013.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE